## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PEDRO LUIS RAMOS, III,** | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NEW BENEVIS, INC.** | : | |
| **Defendants** | : | **FEBRUARY 13, 2023** |

## COMPLAINT

## INTRODUCTION

1.      Employers considering job applicants must send the applicant a copy of any background report obtained before denying them employment. Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Sec. 1681b(b)(3)(A)(i); *Brown v. Lowes Companies, Inc.*, 52 F.Supp.3d 749 (W.D.N.C. 2014). This law protects employees from false reports by giving them a chance to correct any inaccurate or misleading information before losing their job opportunity. Employers who violate this law are liable for actual damages, statutory damages, punitive damages, attorney fees and costs.

2.      Here, Defendant New Benevis, Inc. ("Defendant") commissioned a criminal background check report on Plaintiff during his application process which falsely accused him of four separate crimes including a felony.  Defendant did not provide Plaintiff with this report as required before rejecting his application and therefore did not learn that report incorrectly referred to a different person.  Instead, it relied on this false report and gave the job to another applicant.

3.      As a result of Defendant's willful violation of the FCRA, Plaintiff Pedro Ramos became unemployed, fell behind on bills, suffered damage to his credit rating and suffered

1

damage to his reputation and emotional distress. He has sustained thousands of dollars in damages and has been compelled to hire counsel to file this action.

## LEGAL PRINCIPLES

4.      Congress passed the FCRA to redress consumer reporting agency abuses. *Brown*, 52 F. Supp. 3d at 754 (W.D.N.C. 2014) (citing S.Rep. No. 91–517, at 3 (1969); 116 Cong. Rec. 35941 (1970)).

5.      In 1997, congress amended Sec. 1681b(b) because it was "concerned that the ability of employers to obtain consumer reports on current and prospective employees may unreasonably harm employees if there are errors in their reports." Senate. Report 104-185, 35 (Dec. 14, 1995).

6.      Today, employers which use criminal background check reports must "before taking any adverse action based in whole or in part on the report…provide to the consumer to whom the report relates…a copy of the report[.]" 15 U.S.C. Sec. 1681b(b)(3)(A)(i)(emphasis added).

7.      The FRCA definition of "adverse action" includes a "denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

8.      Courts hold employers must provide their job applicants "a sufficient amount of time before [the employer] takes adverse action so that the consumer may rectify any inaccuracies in the report." *Brown, supra* (citing *Williams v. Telespectrum*, 2006 WL 7067107 (E.D.Va. Nov. 7, 2006)); *see also Kelchner v. Sycamore Manor Health Ctr.*, 305 F. Supp. 2d 429, 435–36 (M.D. Pa. 2004), *aff'd,* 135 F. App'x 499 (3d Cir. 2005) (citing H.R. Report. No. 103–486, at 30 (Apr. 24, 1994))("The employer must also provide the consumer with a

reasonable period to respond to any information in the report that the consumer disputes and with written notice and the opportunity and time period to respond.")

9.      Employers which willfully fail to comply with the FCRA are liable for actual damages, including but not limited to economic harm, reputational harm, punitive damages, and emotional distress, as well as legal fees and costs.  15 U.S.C.A. § 1681n-o.

**JURISDICTION AND VENUE**

10.     The Court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 since this is an action under a federal statute.

11.     Venue is proper under 28 U.S.C. § 1391(b)(2) as  a substantial part of the events or omissions giving rise to the claim occurred here in Connecticut.

**PARTIES**

12.     New Benevis, Inc. ("Defendant") is a corporation organized under the laws of Delaware and based in Georgia which provides dental practice management services to over 120+ supported offices across 13 states and DC; with 37 different brands, they provide care to more than 650,000 patients every year.  https://benevis.com/locations/.

13.     Pedro Luis Ramos, III ("Plaintiff") is an individual residing in New Britain, Connecticut.

**FACTS**

14.     On or about July, 8 2022, Plaintiff applied for a Regular Part Time Patient Coordinator position with Defendant in Connecticut.

15.     On August 10, 2022, Carlos Feliciano ("Feliciano"), an Office Manager for Defendant, sent a letter to Plaintiff indicating that he was being offered to be "employed in the

role as Regular Part Time Patient Coordinator" for $20 per hour. This offer was "conditional based on [Plaintiff's] successful completion of a background check."

16.     On August 30, 2022, ADP – SASS, Inc. at the request of Defendant completed a criminal background check on Plaintiff and sent report to Defendant falsely indicating that Plaintiff had been convicted of four crimes including a felony for possession with intent to sell or distribute narcotics.

17.     In fact, this report was false. Plaintiff had no criminal background and in fact had never even been arrested. The report included information about a different Pedro Ramos with a different date of birth.

18.     Upon receiving this report, Defendant was required to send it to Plaintiff Ramos and provide him with a reasonable amount of time to respond but did not.

19.     Two days later, on Thursday, September 1, 2022, Lisa Lavoie of Defendant ("Lavoie") emailed Plaintiff: "While we were very impressed with your qualifications, we were faced with a difficult decision, and I regret to inform you that *we finally selected another candidate* who we believe more closely matches what we are looking for in the position." (Emphasis added.)

20.     The next day, on September 2, 2022, Lavoie emailed Plaintiff "that we are not going to be able to move forward with your employment at Sutton Dental & Braces for the Patient Coordinator Role. You did not clear the background check process and *will be receiving a formal notification/adverse action letter* from Benevis." (Emphasis added.)

21.     Through Lavoie's conduct, Defendant willfully violated the FCRA by failing to send the report to Ramos and by withdrawing the job offer from him based on the report from ADP SASS.

22.     Defendant was well aware of the FCRA and its obligations thereunder and knew that before taking an "adverse action" against Plaintiff based on the report, it first needed to send him a copy of the report.

23.     As a result of Defendant's willful violation of the FCRA Plaintiff became unemployed, suffer economic damages in the form of lost income and benefits, fell behind on some bills, suffered damage to his credit rating and his reputation as well as emotional distress, anxiety and loss of sleep. He was also compelled to hired attorney to bring this action.

**COUNT ONE:        VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. Sec. 1681b(b) (Negligence Violation of FCRA)**

24.     Defendant violated 15 U.S.C. Sec. 1681b(b) by failing to provide Plaintiff with a copy of his background check report containing adverse information before taking the adverse action of submitting said report to Plaintiff.

25.     As a direct and proximate result of Defendant's violation of the FCRA, Plaintiff has suffered damages including economic damages, reputational damages, emotional distress damages, attorney fees and costs.

**COUNT TWO:        VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. Sec. 1681b(b) (Willful Violation of the FCRA)**

26.     Defendant willfully violated 15 U.S.C. Sec. 1681b(b) by failing to provide Plaintiff with a copy of his background check report containing adverse information before taking the adverse action of submitting said report to Plaintiff when it knew that it had a legal obligation to do so and it knew that its failure to do so would violate Plaintiff's rights and cause him harm.

27.     As a direct and proximate result of Defendant's violation of the FCRA, Plaintiff has suffered damages including statutory damages, punitive damages, economic damages, reputational damages, emotional distress damages, attorney fees and costs.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims:

1. Economic damages under 15 U.S.C. § 1681n-o;

2. Compensatory damages under 15 U.S.C. § 1681n-o;

3. Emotional distress damages under 15 U.S.C. § 1681n-o;

4. Statutory damages under 15 U.S.C. § 1681n;

5. Punitive damages under 15 U.S.C. § 1681n;

6. Attorney fees and costs under 15 U.S.C. § 1681n-o;

7. A jury for all claims which may be tried to a jury; and

6. Any and all other relief as the court deems just and proper.

Plaintiff, PEDRO LUIS RAMOS, III

By:
Richard Hayber, Esq. (ct11629)
Michael Petela, Esq. (ct28251)
Thomas Durkin, Esq. (ct30371)
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Ste 904
Hartford, CT 06103
Phone: (203) 522-8888
Fax: (860) 218-9555
rhayber@hayberlawfirm.com
mpetela@hayberlawfirm.com
tdurkin@hayberlawfirm.com
Attorneys for Plaintiff